UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LUANNE VINSON, )<br>)<br>Plaintiff, )<br>) C/A NO.: 4:14-cv-3754-TER<br>vs. )<br>)<br>CAROLYN COLVIN, ACTING ) ORDER<br>COMMISSIONER OF THE SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendants. )<br>_____) | |

This matter is before the court upon motion of Plaintiff, through her attorney, J. Leeds Barroll, IV, for an award of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b) and Local Rule 83.VII.07, D.S.C. (Dkt. No. 26). Plaintiff's motion seeks reimbursement for Counsel's representation in the captioned matter in the amount of $18,873.95 from the past-due benefits. The motion indicates that the attorney's fee requested is 25% of the total of the past-due benefits. Defendant's response to Plaintiff's motion (Dkt. No. 27) notifies the court that she does not oppose Plaintiff's request for fees in the amount stated herein.

Under 42 U.S.C. § 406(b), an attorney who successfully represents a plaintiff in a Social Security disability claim under Title II of the Social Security Act may be awarded a "reasonable fee" for representation before the court. 42 U.S.C. § 406(b)(1)(A). The fee may not exceed 25% of the total past-due benefits to which the

1

claimant is entitled due to a favorable judgment. Id. When a fee is awarded pursuant to 42 U.S.C. § 406(b), "no other fee may be payable or certified for payment" to the attorney. Id.

In view of the fact that Social Security claims are usually litigated on a contingency fee basis, the Supreme Court has stated that Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular case." Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Within the twenty-five percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. When considering the reasonableness of a fee, the Court stated that a reduction may be appropriate (1) on the basis of "the character of the representation and the results of the representative achieved," (2) where the attorney was responsible for delay during the pendency of the case before the court, and (3) where "the benefits are large in comparison to the amount of time counsel spent on the case." Id. at 808.

The court has reviewed Counsel's fee petition that was submitted and finds Counsel's request for fees reasonable in accordance with Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). Therefore, Plaintiff's attorney is entitled to an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $18,873.95 as 25% of the

past-due benefits. Fees under 42 U.S.C. § 406(b) are paid from the claimant's benefits, rather than from agency funds, based on a contract between the claimant and the claimant's attorney.

Plaintiff has also been awarded $2,800.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Dkt. No. 25). Fees may be awarded under both the EAJA and Section 406(b), "but the claimant's attorney must 'refund to the claimant the amount of the smaller fee.' " Gisbrecht, 535 U.S. at 796. Plaintiff's attorney shall refund to Plaintiff the $2,800.00 awarded pursuant to the EAJA after he receives the payment of the Section 406(b) fees in the amount of $ 18,873.95.

## CONCLUSION

For reasons set forth above, the court finds that the amount sought is reasonable. Accordingly, the court GRANTS the motion of Plaintiff's counsel brought pursuant to 42 U.S.C. § 406(b) and ORDERS that Plaintiff's counsel be awarded $18,873.95 in attorney's fees. Plaintiff's counsel shall return $2,800.00 previously awarded under the EAJA to Plaintiff.

IT IS SO ORDERED.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

May 16, 2016
Florence, South Carolina